Yvonne **ESPOSITO** and Louis Esposito,
Plaintiffs–Appellees,

v.

Jason C. **DAVIS** and MKS Productions, Inc., d/b/a Southern Lady Shows, and Essex Insurance Company, Defendants–Appellants.

No. 94–30176
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 13, 1995.

---

J. Michael Johnson, Galloway, Johnson, Tompkins & Burr, P.L.C., Richard G. Duplantier, Jr., New Orleans, LA, for appellants.

Terry Bennett Loup, Morris Bart & Assoc., New Orleans, LA, for appellees.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Appellants/defendants Jason Davis ("Davis"), MKS Productions, Inc. d/b/a Southern Lady Shows ("MKS"), and Essex Insurance Company, appeal from a judgment in this trip-and-fall diversity case. Applying Louisiana substantive law to the jury's findings, the district court entered judgment for appellees/plaintiffs Yvonne Esposito and her deceased husband, Louis ("Esposito"). We AFFIRM.

## I. Background Facts

As pedestrians exited at the close of an arts and crafts show, Davis, an MKS employee, was standing on an apron at an entrance of the Pontchartrain Center when he suddenly and without warning turned 180 degrees and collided with Esposito, an eighty-year-old woman. Esposito was knocked to the ground, fracturing her hip. She was taken to the hospital where she underwent hip-replacement surgery. She was hospitalized for six-weeks and was left with a twenty-percent permanent physical impairment to her leg, as well as aggravation of a pre-existing arthritic condition in her back.

The jury awarded Esposito $45,000 in medical expenses, $190,000 in general damages, and $5,000 to her husband who died after suit was filed. The jury also found Esposito twenty-five percent responsible for the accident; the district court's judgment reflects this finding.

Appellants contend that Davis was not negligent as a matter of law; challenge the jury's allocation of fault; argue for a remittitur; and claim that the district court should have excluded the testimony of an "undesignated" eyewitness. We find no merit in any of these complaints.

## II. Negligence

■ *Duty.* Appellants argue that they cannot be held liable for negligence because Davis owed no duty to Esposito. Specifically, they contend that, *as a matter of law*, it would be unreasonable under any circumstances to impose a duty upon a pedestrian to keep a proper lookout prior to turning around.

■ The Louisiana law governing trip-and-fall cases was recently detailed in *Frelow v. St. Paul Fire & Marine Ins. Co.*, 631 So.2d 632, 635 (La.Ct.App.1994), as follows:

> Generally, negligence is defined as conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm. The test for determining whether a risk is unreasonable is supplied by the following formula. The amount of caution demanded of a person by an occasion is the result of three factors: the likelihood that his conduct will injure others, taken with the seriousness of the injury if it happens, and balanced against the cost of the precaution he must take to avoid the risk. If the product of the likelihood of the injury exceeds the

burden of the precautions, the risk is unreasonable and the failure to take precautions is negligence.

In *Frelow,* the court affirmed the jury's negligence finding when a patron tripped over a busboy's foot as he was clearing a table. Applying the test to that particular trip-and-fall, the court concluded:

> Under the general principles of fault arising from LSA–C.C. art. 2315, we find that [the employee] did have a duty to the [defendant's] customers to use reasonable care not to obstruct the aisles so that the customers could travel freely between the food service stations and the tables. A reasonable man would realize that he may trip someone if he extends his leg into an aisle in a self service restaurant.

*Frelow,* 631 So.2d at 635. Clearly then, Louisiana law recognizes a legal duty on the part of employees to exercise reasonable care not to obstruct the flow of pedestrian traffic. Given the facts of this case and the balancing test in *Frelow,* it is plain that the burden imposed upon Davis to keep a proper lookout in the access area to a building, is light compared to the likelihood of serious injury when a patron is knocked to the ground. The burden of such a precaution is reasonable in order to protect customers or pedestrians in their use of the access areas to a building. Consequently, we reject appellants' contention that there is no legal duty.

■ *Sufficiency of Evidence.* Appellants also argue that the evidence is not legally sufficient to support a finding of negligence on the part of Davis. When determining legal sufficiency, we view the record in the light most favorable to the prevailing party and draw all inferences in their favor. *See Becker v. PaineWebber, Inc.,* 962 F.2d 524, 526 (5th Cir.1992). While state law provides the substantive rules and tests in diversity cases, the applicable federal standard of review for a jury's verdict is one of reasonableness. *See Ayres v. Sears, Roebuck & Co.,* 789 F.2d 1173, 1175 (5th Cir.1986).

The record reveals that for five or ten minutes at closing time, Davis and another employee were standing on the apron of the Pontchartrain Center talking to each other, talking to people exiting, and talking to people in the parking lot about getting a car to pick them up. Esposito and her family exited the Center and headed toward the parking lot. Davis and the other employee started to walk off. Esposito, a paid attendee of the craft show, followed behind and to the side of Davis. Esposito was walking in a straight line when Davis suddenly and sharply turned, without looking, took a step or two, and knocked her to the ground. To at least one witness, it appeared as if Davis had forgotten something because he snapped his fingers while quickly turning. Davis admitted that he did not look when he turned. Davis also admitted that he knew that elderly persons would be on the premises and exiting at this time.

We conclude that the evidence adduced at trial is legally sufficient and that a jury could reasonably conclude that Davis was negligent.

### III. Damages

■ Appellants next contend that the district court erred by not granting their motion for new trial or remittitur, complaining of excess damages. First, we point out that the jury's findings are not being attacked directly, as in a sufficiency challenge. Instead, the award is challenged through the district court's discretionary decision not to grant a new trial or remittitur. Thus, our standard of review is abuse of discretion of the district court, rather than the reasonableness of the jury's award. *See Stokes v. Georgia–Pacific Corp.,* 894 F.2d 764 (5th Cir. 1990).

■ Under these circumstances, there is no abuse of discretion denying a motion for new trial unless there is a complete absence of evidence to support the verdict. *Vallot v. Central Gulf Lines, Inc.,* 641 F.2d 347, 349 (5th Cir.1981) (per curiam). Esposito presented the following evidence on the issue of damages. Esposito endured hip replacement surgery, requiring a six-week hospital stay. Because of her injury, she was unable to care for her husband as he died of cancer. She has lost the freedom of independent living, no longer able to walk, shop, cook, or clean without pain. Moreover, the permanent dis-

ability to her hip has aggravated a pre-existing arthritic condition in her back. There is obviously not an absence of evidence to support the verdict.

Interestingly enough, the appellants did not seriously contest any of the damage evidence. In fact, during their jury argument, the appellants never discussed the quantum of damages. We are puzzled, if not dismayed, that the appellants complain after the fact of the amount of the jury's award. We also note that the jury awarded less than the sums suggested by appellees.

The district court observed the witnesses, weighed the evidence, and assessed the fairness of the damages awarded. Plainly, the award of damages is not so excessive as to be the product of passion or prejudice. *See Allen v. Seacoast Prods., Inc.*, 623 F.2d 355, 364 (5th Cir.1980). Consequently, the district court did not abuse its discretion in denying appellants' motions.

### IV. Lisa Audibert's Testimony

■ Finally, appellants contend that the district court abused its discretion by allowing Lisa Audibert, an eyewitness, to testify. In July, 1991, Audibert was identified by appellees in response to interrogatories as a "witness," but not specifically identified as an "eyewitness." She was subsequently identified in writing on numerous occasions as a witness and, on at least one occasion, was identified during a deposition as being present at the scene of the accident when it occurred; she was one of the five women with Esposito when she was knocked to the ground. In February, 1992, the pretrial order identified Audibert as an "eyewitness." All parties signed the pretrial order.

This case came to trial in January, 1994, almost two years after the pretrial order had been submitted to the district court. When Audibert was called to testify about what she saw, appellants objected on the ground that she was not identified as an "eyewitness" in the July, 1991, interrogatories. The district court ruled that Audibert was properly disclosed as a witness and, as such, would be allowed to testify. While appellants claim that they were severely prejudiced by Audibert being allowed to testify, they never voiced any claims of prejudice or surprise when the district court made its ruling.

 A district court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *See United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Moreover, it almost goes without saying that this type of decision is within the sound discretion of the district court. *Jon–T Chems., Inc. v. Freeport Chem. Co.*, 704 F.2d 1412, 1417 (5th Cir.1983). Given the facts set out above, clearly the district court did not abuse its discretion in allowing Audibert to testify.

We AFFIRM the district court's judgment.