**REVISED OPINION - 7/25/2000**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50316
_____

ROBERT D. SIKES,

Plaintiff-Appellee-Cross-Appellant,

versus

JUAN F. GAYTAN, Individually and
in his Official Capacity as a Guard,

Defendant-Appellant-Cross-Appellee.

_____

Appeals from the United States District Court for the
Western District of Texas
_____

July 25, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this section 1983 appeal, Robert Sikes, a Texas prisoner, claims that Juan Gaytan, a Texas prison guard, used excessive force against him and thereby violated his Eighth Amendment rights to be free of cruel and unusual punishment. Sikes proved to a jury that on August 22, 1995, he was severely beaten by the defendant, a sergeant at the Connally Unit. Specifically, Sikes presented evidence that, following his altercation with a prison guard (after

which Sikes spit on the guard), Gaytan handcuffed him, took him to the ground, punched him in the face five or six times, and then repeatedly jumped up and down on his left arm until he heard a loud pop. As a result of this assault, Sikes suffered a dislocated left shoulder, injuries to his left elbow, conjunctival hemorrhaging to his left eye, loss of vision in his left eye, and severe bruising and lacerations to his face. Additionally, he produced evidence that he suffers from posttraumatic stress syndrome resulting from this assault.

The jury returned a verdict against Gaytan in his individual capacity, finding that he had used excessive force against Sikes in violation of his Eighth Amendment rights. On appeal, Gaytan seeks review of the district court's denial of a separate jury interrogatory on the defense of qualified immunity.[1]

---

[1]Additionally, Gaytan appeals (1) the sufficiency of the evidence supporting the trial court's decision to instruct the jury on future damages and medical expenses, and (2) the amount of the punitive damages award. The record reveals ample evidence on the issue of future damages to support the district court's decision to instruct the jury in this regard, and to support the jury's award of damages. See Esposito v. Davis, 47 F.3d 164, 167 (5th Cir. 1995)(stating that "there is no abuse of discretion in denying a motion for new trial unless there is [a] complete absence of evidence to support the verdict"). Further, when the amount of the punitive damages award is evaluated in the light of the Supreme Court's decision in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), it is clear that the award is not excessive. See id. at 574-75.

On cross-appeal, Sikes seeks review of the amount of attorney's fees awarded by the trial court. The record shows that the court did not abuse its discretion by: (1) reducing the amount of recoverable fees on fees; and (2) reducing the award of attorney's fees by ten percent due to failure of Sikes to succeed on his claims against Gaytan in his official capacity. See Riley v. City of Jackson, 99 F.3d 757, 759 (5th Cir. 1996)(stating that "this court reviews the district court's award of attorney's fees

Gaytan argues that the trial court erred when it denied his request to submit separate jury interrogatories on the issues of whether he violated Sikes's constitutional rights and whether his actions were reasonable. Although Gaytan does not identify any authority to support his assertion that a separate jury interrogatory was required, he argues that the court confused the jury by submitting the issues in one jury interrogatory.

The trial court denied Gaytan's request to submit separate interrogatories based on its belief that "the submission of the issue of liability and qualified immunity as one issue eliminated the concern of irreconcilability." In reaching this conclusion, the court was guided by our decision in Snyder v. Trepagnier, 142 F.3d 791 (5th Cir. 1998), in which we discussed the potential conflict created by submitting separate jury interrogatories on liability and qualified immunity.

In Snyder, the district court submitted separate jury interrogatories on the issues of whether the defendant violated the plaintiff's constitutional rights and whether the actions of the defendant were reasonable. Id. at 800. The jury returned what appeared to be an irreconcilable verdict--finding that the defendant had violated the constitutional rights of the plaintiff, but that the defendant's actions were reasonable. Id. Based on these answers, however, the district court granted qualified

authorized by statute for abuse of discretion").

3

immunity to the defendant. Id. On appeal, we addressed the issue of whether there was an inherent conflict between a finding that the plaintiff's constitutional rights were violated and a finding that the defendant, in violation those rights, acted reasonable. Id. The court, relying on Judge Higginbotham's concurrence in Melear v. Spears, 862 F.2d 1177, 1187-88 (5th Cir. 1989)(stating that "it is possible for a jury to find that, although the actual circumstances of the search did not justify the officer's behavior, the circumstances that appeared to the officer would have justified a search," and thus the officer was shielded from liability by qualified immunity), held that "there is no internal conflict in the verdict." Id. at 801.

In the course of the Snyder opinion, the court stated that: "A related question is whether the issues of liability and qualified immunity should have been fashioned as one issue or, as the district court submitted them, as two issues." Id. at 800. Although the Snyder court did not specifically address this question, Snyder can be read, as noted by Judge Garza in his able dissent, to implicitly permit "a trial court to combine qualified immunity and the liability issue in the same jury charge." It is clear, however, that regardless of whether the trial court submits the issues of liability and qualified immunity in one or two interrogatories, the central focus is on whether the trial court correctly and clearly instructed the jury. In making this determination, jury interrogatories are considered "in conjunction

4

with the general [jury] charge" to determine if "the interrogatories adequately presented the contested issues to the jury." Barton's Disposal Service, Inc. v. Tiger Corp., 886 F.2d 1430, 1435 (5th Cir. 1989)(citing Dreiling v. General Electric, Co., 511 F.2d 768, 774 (5th Cir. 1975)).

In the case at bar, the court was very clear in instructing the jury on the defense of qualified immunity:

> If you find that the plaintiff has proven his claim, you must then consider the defendant's defense that his conduct was objectively reasonable in the light of the legal rules clearly established at the time of the incident in issue and that the defendant is therefore not liable.

> If, after considering the scope of discretion and responsibility generally given to prison officials in the performance of their duties, you find from a preponderance of the evidence that the plaintiff has proved either (1) that the defendant was plainly incompetent, or (2) he knowingly violated the law regarding the plaintiff's constitutional rights, you must find for the plaintiff. If, however, you find that the defendant had a reasonable belief that his actions did not violate the constitutional rights of the plaintiff, then you cannot find him liable even if the plaintiff's rights were in fact violated as a result of the defendant's objectively reasonable action.

(Emphasis added). Thus, the question we must address is whether the court abused its discretion in deciding to combine the issues of liability and qualified immunity into a single interrogatory. See Barton's, 886 F.2d at 1434 (stating that "a trial court is afforded great latitude in the framing and structure of the instructions and the special interrogatories given to the jury, . . . [and we will not] disturb that discretion absent a

showing of abuse of discretion"). The court gave the following interrogatory:

> Considering all of the instruction in the jury charge, do you find that Plaintiff Robert D. Sikes proved by a preponderance of the evidence that on August 22, 1995, Defendant Juan F. Gaytan violated Plaintiff's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

In denying the defendant's request for a separate jury interrogatory on qualified immunity, the trial court concluded that giving separate interrogatories created the possibility of confusing the jury, resulting in the return of "irreconcilable" answers. It is plausible that a jury could be confused by an interrogatory asking whether the force Gaytan used against Sikes amounted to cruel and unusual punishment, and then being asked in an immediately following interrogatory whether the conduct of Gaytan was reasonable. Indeed, finding that the force used against Sikes was cruel and unusual would ordinarily seem to preclude the possibility of a finding that actions of Gaytan were reasonable. Still, we are constrained also to say that a plausible argument can be made that a separate interrogatory on qualified immunity, supported by a clear jury instruction, arguably could clarify rather than confuse the issue before the jury. In the light of this equipoise, we must conclude that the district court did not abuse its discretion in this case by giving a single jury instruction on the issues of liability and qualified immunity.

The judgment of the district court is in all respects

6

A F F I R M E D.

REYNALDO G. GARZA, Circuit Judge, dissenting:

The majority concluded that Gaytan's challenge to the district court's failure to give a separate interrogatory on the issue of qualified immunity lacked merit. I respectfully dissent because Gaytan has satisfied his burden of demonstrating that the absence of a separate interrogatory on qualified immunity "misled, prejudiced, or confused" the jury. *See Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 272 (5th Cir. 1998) (citations omitted). Although the district court instructed the jury on the basic elements of the defense of qualified immunity in the general jury charge, a separate interrogatory was necessary given the facts of this case to avoid jury confusion.

Several factors support my conclusion. First, qualified immunity was the central issue of the prison guard's defense in this Section 1983 case. In fact, it is often the crux of such cases. The more important an issue, the more we should require that jury instructions and special interrogatories direct the jury's attention to that issue. We should therefore be especially concerned that the trial court failed to draw the jury's attention to this issue in the jury instructions and in a separate special interrogatory.

In that light, several failures to direct the jury's

attention to the qualified immunity issue trouble me in this case. First, the jury instructions did not even use the term "qualified immunity." Second, the jury instructions merely used qualified immunity-type language as part of a single paragraph on liability. Third, there was no separate special interrogatory which told the jury to consider qualified immunity.

Fourth, and perhaps most troubling, even if we give the instructions the benefit of the doubt, we will find that the jury charge and the interrogatories are inconsistent. Let us say we assume that the jury charge provided to the jury instructions on both excessive force and qualified immunity but an interrogatory only as to excessive force. The jury could well have understood the difference between the substantive claim of excessive force and defense of qualified immunity, but then could have been confused as to the odd disappearance of qualified immunity in the interrogatories. In other words, assuming that the jury instructions explain that liability in this case had two prongs, i.e. that Sike's Eighth Amendment rights were violated *and* that the officer's behavior was unreasonable, the interrogatory contradicted the instructions when it told the jurors that they only need find that Sike's Eight Amendment rights were violated in order to find Gaytan liable. Accordingly, the First Interrogatory

9

states: "Considering all of the instructions in the jury charge, do you find that Plaintiff Robert D. Sikes proved by a preponderance of the evidence that on August 22, 1995, Defendant Juan F. Gaytan violated Plaintiff's Eighth Amendment constitutional right to be free from cruel and unusual punishment?" This was all the interrogatory said, and no other interrogatory spoke to liability.

This is especially troubling because my experience of 18 years on the trial bench and over 21 years on the appellate bench show that a jury will often miss important issues when the interrogatories fail to focus the jury's attention on the issue. We should be less tolerant of the risk that the jury will be confused into overlooking such a central issue. Even if *Snyder* permits a trial court to combine qualified immunity and the liability issue in the same jury interrogatory, it does not permit a trial court to confuse the jury by completely deleting qualified immunity from any of the jury interrogatories. *See Snyder v. Trepagnier,* 142 F.3d 791, 800 (5th Cir. 1998)*, reh'g and reh'g en banc denied,* 149 F.3d 1181 (5th Cir.)*, cert. dismissed,* 119 S.Ct. 1493 (1999). *Snyder* certainly does not permit interrogatories which, because they are inconsistent with the jury instructions, suggest that the

qualified immunity issue has dropped out of play.[2] Given the facts of this case, we should require that qualified immunity be discussed in a separate special interrogatory. At a minimum, we should require that the jury instructions and interrogatories do not actively mislead the jury into believing that the qualified immunity issue has dropped out of consideration.

We will never know if the jury would have granted Gaytan qualified immunity under the facts of this case because there was no separate interrogatory to draw the jury's attention to the objective legal reasonableness of his conduct. Gaytan raised factual issues regarding the force used after removing Sikes from his cell. First, Gaytan showed that Sikes demonstrated aggressive, menacing behavior, even spitting at him in an assaultive manner. Second, Gaytan presented expert testimony that Gaytan acted in accordance with the prison's policies and procedures in pulling Sikes to the ground to subdue him. Thus, Gaytan brought evidence from which a jury could find that he reasonably believed that the forced applied

---

[2] The majority citation to *Barton's Disposal Service, Inc. v. Tiger Corp.*, 886 F.2d 1430, 1435 (5th Cir. 1989), is not on point. *Barton's* stands for the proposition that jury interrogatories are considered in conjunction with the jury charge to determine whether they accurately convey the law as a whole. *Barton's* does not address this case where the interrogatories and jury instructions are arguably inconsistent, or at least confusing when taken together.

to Sikes was reasonable.  We have no reason to be confident, however, that the jury considered these facts to determine whether Gaytan acted in accordance with the reasonableness standard and was thus entitled to qualified immunity.  This is so because there is no separate interrogatory and the interrogatory that we do have actively misleads the jury away from qualified immunity.  Therefore, I respectfully dissent.