UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30361
Summary Calendar

_____

KEVIN GUIDRY, individually and as administrator of the estate of
his minor child on behalf of Dustin James Guidry; MICHELLE GUIDRY

Plaintiffs-Appellants,

versus

GREYHOUND LINES, INC.; HUGHIE L. RAMSEY,

Defendants-Appellees.

_____

Appeal from the United States District Court,
for the Western District of Louisiana
(96-CV-611)

November 16, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the denial of their motion for a partial new trial on the issue of damages, following a jury verdict in a negligence action (vehicle accident) in which defendants stipulated liability.

In response to special interrogatories, the jury awarded plaintiff Kevin Guidry $62,285.33 for past medical expenses and $94,263 for past and future loss of earnings, but only $10,000 for general damages for pain and suffering. For loss of consortium, the jury awarded $10,000 to plaintiff Dustin James Guidry, Kevin

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidry's son, and nothing to plaintiff Michelle Guidry, Kevin Guidry's wife.

Plaintiffs contend that the jury's award of special damages required finding causation between the accident at issue and certain of plaintiffs' injuries, and that, in the light of this finding, the jury's awards for general damages and loss of consortium are inconsistent. Accordingly, they claim that their new trial motion should have been granted.

Of course, we review denials of motions for new trial for abuse of discretion. E.g., *Esposito v. Davis*, 47 F.3d 164, 167 (5th Cir. 1995). The district court's reconciliation of the jury's awards based on doubts regarding Kevin Guidry's credibility and candor regarding previous injuries appears proper. *See Guidry et al. v. Greyhound Lines, Inc., et al*, No. 96-0611, slip op. at 5-8 (W.D. La. March 30, 1998). Accordingly, the court did not abuse its discretion in denying a new trial.

*AFFIRMED*