# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-10375

MIST-ON SYSTEMS, INC., and PRESIDENT THOMAS J. LAUGHLIN,

Plaintiffs-Appellants,

versus

NOUVEAU BODY & TAN, LLC; MARIE C. RALSTON;
TERRI J. OUELLETTE,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:03-CV-843

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Mist-On Systems, Inc. ("Mist-On"), and Dr. Thomas J. Laughlin[1] sued

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We refer to appellants collectively as "Laughlin."

Nouveau Body & Tan, LLC ("Nouveau"), and two of its employees for defamation, trade disparagement, conspiracy, breach of contract, and tortious interference. Nouveau countersued, alleging violations of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, and negligence. The jury found for Nouveau and awarded $629,000. The district court later awarded Nouveau attorneys' fees. Laughlin appeals, and we affirm.

I.

Laughlin invented a tanning booth that automatically sprayed a sunless tanning solution over one's entire body. In 1999, he founded Mist-On to manufacture and market the two necessary components of his tanning system: the sunless tanning solution and the "Mist-On Tan Booth," inside which the solution was applied. Laughlin served as the president of the company and used independent contractors as employees. Mist-On was initially successful and attracted national coverage.

The media coverage caught the attention of Tim and Marie Ralston and Terri and Ray Ouelette, who had collectively founded Nouveau in Phoenix, Arizona. They planned to use Nouveau to create a chain of anti-aging salons and felt that Mist-On Tan Booths would improve their salons. In 2001, the Ralstons traveled to Las Vegas, Nevada, to meet with Laughlin at a trade show. Both parties agree that negotiations for Mist-On to supply Nouveau began at the meeting, though Nouveau additionally alleges that Laughlin gave a personal warranty at that meeting.

Nouveau entered a lease/purchase agreement with Mist-On and a third party to acquire two Mist-On Tan Booths. Later, Nouveau acquired a used booth for their new Chandler, Arizona salon; Nouveau alleges that the booth was also warrantied by Dr. Laughlin. Nouveau also entered another agreement with Mist-On under which Nouveau had exclusive rights to supply Mist-On Tan

Booths to certain health clubs but had to purchase two booths a month.

Nouveau eventually had problems with its booths: They often did not operate, required constant repair, and experienced significant mold growth. Mist-On alleged that Nouveau damaged the booths by using an unauthorized tanning solution, though Nouveau denied that. Nouveau's business suffered from the booth-related problems, and eventually both of its salons went out of business. Nouveau subsequently defaulted on its payments for both their lease/purchase agreement and its rent. Nouveau contacted Mist-On to complain about the trouble, and both sides threatened legal action.

Mist-On sued, alleging the above-stated causes of action; Nouveau countersued. The jury awarded Nouveau $629,000 in damages and gave Mist-On nothing. The district court later awarded Nouveau attorneys' fees.

## II.

## A.

Laughlin alleges insufficiency of the evidence. First, he says that there was insufficient evidence for the jury to have found him liable in his individual capacity. The district court denied Laughlin's Federal Rule of Civil Procedure 50(b) motion.[2]

> This Court reviews de novo the district court's ruling on a motion for judgment as a matter of law, applying the same legal standard used by the district court. Although our review is de novo, our standard of review with respect to a jury verdict is especially deferential. Therefore, judgment as a matter of law should only be granted if the

---

[2] Despite conflicting evidence, we assume, for purposes of this appeal, that Laughlin made a proper rule 50(a) motion at the close of all evidence. *See Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) ("If a party fails to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal" (footnote and citations omitted).).

facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.

*Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002) (citations, ellipses, and internal quotation marks omitted).

Laughlin contends that the district court erred in denying his rule 50(b) motion because, as Mist-On's president, he could be liable only in his corporate, rather than individual, capacity. Laughlin's position as president does not, however, immunize him from liability; he could still have personally warrantied the products to Nouveau.

There is evidence to show he did. Marie Ralston testified that she got a personal warranty from Laughlin in Las Vegas. Tim Ralston also testified to a personal guarantee from Laughlin at the same meeting. Although Laughlin presented testimony indicating he acted in his corporate capacity, we "disregard all evidence favorable to the moving party that the jury is not required to believe." *Id*. at 631 (citation omitted). With our strong deference to the jury's verdict, and with some evidence to support Laughlin's personal warranty of the Mist-On Tan Booths, we affirm the denial of the rule 50(b) motion.

Laughlin next argues that the district court erred when it refused Laughlin's motion for a new trial or remittitur based on excessive damages. Nouveau argues that under Texas law, because Laughlin failed to object to the jury instructions, we review for plain error. This is wrong, because federal law, rather than state law, governs this question.[3] Instead, we review for abuse of discretion. *See Vogler v. Blackmore*, 352 F.3d 150, 154 (5th Cir. 2003). "There is no abuse of discretion denying a motion for new trial unless there is a complete

---

[3] "It is generally accepted . . . that the question whether a new trial should be granted, including a new trial on the basis of excessive damages, is a purely procedural one, governed by federal law." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 767 F.2d 1151, 1155 n.4 (5th Cir. 1985) (citations omitted).

absence of evidence to support the verdict." *Id.* (quoting *Esposito v. Davis*, 47 F.3d 164, 167 (5th Cir. 1995)).

The district court did not abuse its discretion in granting judgment on the verdict. Nouveau presented an experienced business appraisal specialist who testified that the fair market value of Nouveau was $575,000. Later, the Ralstons testified that they were forced to pay $40,000 to their salon's landlord and still owed him another $14,000. The jury awarded the combined total of all of those figures. Although a jury cannot pull a damages award "out of a hat,"[4] an award with a rational basis, such as this one, will be upheld.

## B.

Laughlin's next three objections involve the jury instructions. He failed to make any of these objections at trial. "If a party fails to object with specificity to a proposed instruction, the right to challenge the instruction on appeal is waived." *Tex. Beef Group v. Winfrey*, 201 F.3d 680, 689 (5th Cir. 2000) (citation omitted). "Regardless of this waiver, the court may review the instruction for plain error." *Id.* "In the civil context, a jury instruction is plainly erroneous when (1) an error occurred, (2) the error was clear or obvious, (3) substantial rights were affected, and (4) not correcting the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

Laughlin's first plain-error argument is that the court erred when it failed to include a specific damage calculation instruction. He fails, however, to cite a single rule or statute mandating such an instruction. If he cannot point to any rule, he cannot meet plain-error review.

Next, Laughlin alleges that the court committed plain error by improperly

---

[4] *Neiman-Marcus Group, Inc. v. Dworkin*, 919 F.2d 368, 372 (5th Cir. 1990).

wording the jury charge. He notes that the charge on the warranty question differed from the Texas Pattern Jury Charge. The court changed the pattern charge sentence "[f]ailing to perform services in a good and workmanlike manner" to read, "[f]ailing to perform *goods or* services in a good and workmanlike manner." (emphasis added). Laughlin claims that this allegedly flawed jury instruction was "fatal" to his defense and was the "basis of [the jury's] subsequent damage award."

Laughlin's argument cannot overcome plain-error review. He presents no authority requiring that a DTPA warranty claim charge match the Texas Pattern Jury Charge precisely. Noting an error in the grammar or precise wording of a jury charge, without citing any statute or caselaw showing the change to be in error, is not sufficient to prove clear error.

Finally, Laughlin avers that the court committed plain error by failing to submit a spoliation instruction. Nouveau notes that Laughlin failed to discuss the allegedly tainted evidence at trial, and Laughlin never rebuts this charge. If Laughlin never brought the evidence to the jury's attention, the instruction would have made little sense in the context of the case. Because the evidence could have been confusing or unhelpful, the court had discretion to deny the spoliation charge. *See United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000).

## C.

Laughlin objects to the award of attorneys' fees. He has, however, failed to appeal this issue properly. Federal Rule of Appellate Procedure 3(c)(1) states that "[t]he notice of appeal must: . . . (B) designate the judgment, order, or part thereof being appealed." This rule is jurisdictional in nature. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317-18 (1988). We cannot waive the basic requirement to appeal from the proper order. *See Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991).

Laughlin's notice of appeal is for "the Final Judgment entered in this action on the 15th day of February, 2007." This "Final Judgment" was the court's affirming the verdict; the attorneys' fees order came later, on May 17, 2007. No other notice of appeal was filed. Laughlin cannot challenge a decision that had yet to be handed down at the time he filed his appeal, and therefore we do not examine his attorneys' fees appeal.

## D.

Finally, we examine two claims from Nouveau: that Laughlin (1) waived his appeal for failure to brief and (2) should be sanctioned for a frivolous appeal. For failure to brief, Nouveau notes that Laughlin failed to note the appropriate standard of review on most of his issues, including those governed by plain error. Federal Rule of Appellate Procedure 29(a)(9)(B) requires that briefs have, for each issue, "a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)." Appellants and appellees should note the standards of review in their brief, and Laughlin's failure to do so appears disingenuous, considering that plain error review governs most of his appeal. Failure to note the standard of review on certain issues, however, falls short of the stringent requirements for total waiver. Waiver occurs when a party "fail[s] to provide any evidence––or any legal argument beyond bare assertions." *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007). Laughlin has managed to meet this rather undemanding threshold, and we do not find his appeal waived.

We also do not sanction him for a frivolous appeal. "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. APP. P. 38. "A 'frivolous

appeal' is one that relies on legal points that are not arguable on their merits." *Lyons v. Sheetz*, 834 F.2d 493, 496 (5th Cir. 1987) (citation omitted).

Laughlin has introduced some bizarre legal arguments and has presented this court with mostly issues that are either not properly appealed or governed by plain error review. He has, however, provided some case and record citations and presents some legitimate legal arguments.[5] His appeal, therefore, is not frivolous.

AFFIRMED.

---

[5] *See, e.g., Plattenburg v. Allstate Ins. Co.*, 918 F.2d 562, 564 (5th Cir. 1990) (sanctioning appeal with no relevant case law or record citations).