IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-41304

MOSES EARL PRICE

Plaintiff - Appellant

v.

ROSIEK CONSTRUCTION COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges:.

PER CURIAM:

Moses Earl Price appeals the judgment in favor of Rosiek Construction Company in his suit alleging that he was discharged in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981a because he is African-American. He challenges the weight of the evidence against him, the exclusion of certain testimony, and certain jury instructions. We hold that the district court committed no error and AFFIRM.

I.

Price was hired as a carpenter by Rosiek Construction Company in January 2003. Price testified that Richard Dehart, his immediate supervisor, treated him a in discriminatory manner because he is African-American. Price

testified that Dehart made inappropriate comments and jokes and rebuffed Price's complaints. Price also testified that other employees drew threatening pictures and that he was not assigned an assistant, as other carpenters were.

In March 2003, Price's hourly pay was reduced by one dollar. Charles Smith, a superintendent on the construction project, testified that he reduced Price's pay because he had received complaints about Price's low productivity. Price initially quit his job after his pay was reduced. Smith testified that he recorded Price's separation from Rosiek as a "reduction in work force" so that Price could receive unemployment benefits. Price was rehired the next day.

Steve Rosiek, the vice-president of the company, testified that, in June 2003, he observed Price goofing off and not working. Steve Rosiek instructed Dehart to do something about the situation. Smith testified that he fired Price that day, after Dehart recounted what Steve Rosiek had seen. Price testified that Dehart fired him.

Price filed a complaint with the Texas Workforce Commission, alleging he had been discharged because of his race. An investigation was conducted, after which the Commission determined that there was "cause" to believe that Price had been discharged because of his race. The Equal Employment Opportunity Commission (EEOC) did not disturb the finding on appeal by Rosiek. Price then sued Rosiek in state court, and Rosiek removed the case to the federal district court. After trial before a magistrate judge and jury, the jury returned a verdict in favor of Rosiek, finding that Price had not shown that race was a substantial or motivating factor in the decision to terminate his employment. The district court entered final judgment, and Price filed this appeal.

II.

Price contends on appeal that the jury verdict in favor of Rosiek is contrary to the weight of the evidence. Price also contends that the district court erred by excluding testimony by his coworker, Charles Lott, concerning discriminatory

conduct that did not involve Price. Finally, Price challenges the jury charge and instructions, arguing that the trial court misled the jury by encouraging it to discount certain evidence and by elevating the burden on Price and coloring his claim negatively.

III.

A.

Price seeks a new trial on the basis that the jury verdict in favor of Rosiek is contrary to the overwhelming weight of the evidence. The record on appeal contains no indication that Price moved for a new trial on this basis in the district court under Federal Rule of Civil Procedure 59 or for judgment as a matter of law under Rule 50. He has therefore waived appellate review of the sufficiency of the evidence. See Unitherm Food Sys. Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006) ("[A] party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court.").

B.

Price contends that the trial court erred by excluding testimony of his co-worker, Charles Lott, relating to instances of discriminatory jokes and other discrimination that he experienced but that did not involve Price. Lott testified before the magistrate judge that Dehart often made racially discriminatory jokes and comments and that Lott was moved to an all African-American labor crew from his preferable position as a skilled carpenter because of his race and because he had asked for a raise.

After hearing Lott's testimony outside the presence of the jury, the trial court ruled that Lott's testimony that he was subjected to racial slurs and jokes or other discrimination in the workplace was not relevant to Price's treatment. Because Lott was not fired by Dehart and because Price's case was not brought on the theory that Rosiek created a hostile work environment, the court found

that Lott's testimony was not relevant to the issue of whether Price's discharge was racially motivated. The trial court found that, to the extent that Lott's testimony was marginally relevant, its relevance would be outweighed by its prejudicial effect. Lott was allowed to testify about any discriminatory conduct he witnessed that was directed at Price. Price argues that Lott's testimony is relevant to show a climate of discrimination created by Price's supervisor.

We review a trial court's evidentiary ruling for an abuse of discretion. Triple Tee Golf, Inc. v. Nike, Inc., 485 F.3d 253, 265 (5th Cir. 2007). "If we find that an abuse of discretion has occurred, we then apply the harmless error doctrine. Thus, the evidentiary ruling will be affirmed unless the district court abused its discretion and a substantial right of the complaining party was affected." Id. (internal footnote omitted) "An error does not affect substantial rights if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict." Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 361 (5th Cir. 1995) (internal quotation marks omitted).

We do not think the court erred in its evidentiary ruling. However, assuming the trial court abused its discretion by excluding Lott's testimony, Price has not shown that admitting it would have altered the outcome of this case. The testimony that Lott would have offered did not bear on Rosiek's decision to discharge Price. The excluded testimony would have presented additional evidence that Price's supervisor, Dehart, told racially discriminatory jokes and uttered racial slurs in the workplace. When asked upon direct examination before the magistrate judge, however, Lott was unable to give specific examples of the jokes and comments he experienced. Lott testified before the magistrate judge that he was placed on an all-black crew because of his race and because he asked for a raise, but he also testified that he was never demoted but was given two pay raises while working at Rosiek. In addition,

Rosiek presented evidence showing that Price was rehired after his first separation with the company and showing a plausible non-discriminatory motivation for his discharge. Because of the limited similarity between Lott's situation and Price's situation and the evidence in favor of Rosiek, the exclusion of Lott's testimony, even if admissible, could have no more than a slight effect on the jury's verdict. In any event, the trial court did not commit error by excluding it.

C.

Finally, Price contends that the trial court erred in submitting certain jury instructions. "We review an error in jury instructions for abuse of discretion. A challenge to jury instructions must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations. . . . Even if the challenger proves the instructions misguided the jury, we reverse only if the erroneous instruction affected the outcome of the case." Thomas v. Tex. Dept. of Criminal Justice, 297 F.3d 361, 365 (5th Cir. 2002) (citations and quotation omitted).

Price contends that the trial court erred by instructing the jury that any finding or determination of the EEOC that discrimination occurred or that it could not find sufficient evidence of discrimination "is not dispositive of whether discrimination occurred." The court further instructed:

> The findings or determinations of the EEOC are therefore not binding on the trier of fact. You may, but are not required, to accept the findings in the EEOC reports. The reports do not relieve you of your obligation to review all of the evidence in the case and to make your decisions based on the facts as you read them.

Price concedes that the instruction arguably contains correct statements of law, but contends that the trial court erred in its wording of the instruction because it singled out the EEOC report for special inattention by the jury.

Price also contends that the district court erred by instructing the jury that

> Title VII does not shield against harsh treatment in the workplace. Nor does the statute require the employer to have good cause for its decisions. Title VII is not a vehicle for second-guessing business decisions. The employer may take adverse action against an employee for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, so long as its action is not for a discriminatory reason.

Price argues that the trial court's instruction elevates the burden on the plaintiff to establish liability.

We hold that the trial court did not commit reversible error by giving the above jury instructions.

The trial court's instruction regarding the binding effect of the EEOC's findings was not an abuse of discretion. The instruction correctly stated the law regarding the probative value of an EEOC determination. See McClure v. Mexia Indep. Sch. Dist., 750 F.2d 396, 400 (5th Cir. 1985) (holding that circuit precedent that "EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination" applies in jury trials). We have held that the trial court has discretion to exclude an EEOC report altogether if prejudice or other considerations outweigh its probative value. Cortes v. Maxus Exploration Co., 977 F.2d 195, 201-02 (5th Cir. 1992). Because the trial court's instruction did not misrepresent the binding effect or probative value of the EEOC's findings and determinations, we conclude that the court did not abuse its discretion by providing a cautionary instruction.

We also hold the district court did not abuse its discretion in its instruction to the jury regarding Title VII. The jury instructions, taken as a whole, did not misguide the jury regarding Price's burden as a Title VII plaintiff. The trial court's instruction on Title VII, as a whole, adequately explained that Title VII

protects against racially discriminatory treatment and appropriately stated the burden on the plaintiff to show that race was a motivating factor in the decision to discharge him. See, e.g., Alvarado v. Tex. Rangers, 492 F.3d 605, 611 (5th. Cir 2007) (stating that plaintiff's burden in a Title VII case, after employer has produced evidence of a nondiscriminatory motivation, is to establish either that employer's proffered reason for discharge is a pretext for discrimination or that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor was plaintiff's protected characteristic). The instruction did not, therefore, misguide the jury, and the court did not commit error in its instructions to the jury regarding the EEOC reports or Price's burden of proof.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.