# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2008

Charles R. Fulbruge III
Clerk

No. 06-31190

BROADMOOR ANDERSON, A Joint Venture,

Plaintiff-Appellee/Cross-Appellant,

v.

XL REINSURANCE AMERICA INC., formerly known as NAC
Reinsurance Corp; GREENWICH INSURANCE CO.,

Defendants-Appellants/Cross-
Appellees.

Appeal from the United States District Court
for the Western District of Louisiana,
Shreveport Division.
District Court Case No. 5:02-cv-703

Before JOLLY, HIGGINBOTHAM, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant insurance companies ("Sureties") appeal the district court's judgment in favor of Appellee Broadmoor/Roy Anderson Corp. ("BRAC"). Sureties raise the following issues on appeal: (1) whether the district court improperly placed the burden of proof on Sureties to disprove its liability; (2) whether the district court erred in finding that the payment applications were

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

properly certified; (3) whether the district court improperly admitted parol evidence at trial; and (4) whether the district court erred in treating Sureties' argument of improper certification as a "personal defense." BRAC cross-appeals the district court's denial of consequential damages, penalties and attorney's fees. For the reasons stated below, we affirm.

First, the court need not decide whether the district court improperly "inverted" the burden of proof at trial. Pursuant to 28 U.S.C. § 2111, we affirm judgments notwithstanding "errors or defects which do not affect the substantial rights of the parties." "An error does not affect substantial rights if the court is sure, after reviewing the entire record, that the error . . . had but a very slight effect [if any] on [the] verdict." Kelly v. Boeing Petroleum Servs., 61 F.3d 350, 361 (5th Cir. 1995) (citation omitted). Assuming, arguendo, that the district court erred, the evidence supporting the district court's finding that the payment applications were properly certified is abundant. The record leaves little doubt that, regardless of who bore the burden at trial of proving (or disproving) proper certification, the same verdict would have obtained. See Price v. Rosiek Constr. Co., No. 04-41304, 2007 U.S. App. LEXIS 28539, at *6 (5th Cir. Dec. 10, 2007) (declining under § 2111 to review district court ruling because a finding of error would not have "altered the outcome of th[e] case").

Second, the district court did not err in finding that the terms of the relevant contracts, and Duplantier's testimony as to the architects' authority under those contracts, demonstrated proper certification.

Third, harmless error analysis renders moot Sureties' argument that the district court impermissibly admitted parol evidence in determining whether the payment applications were properly certified. Even ignoring for the moment the challenged evidence, the record overwhelmingly supports the district court's finding of proper certification. Thus, the alleged error did not affect Sureties' substantial rights.

Fourth, the Court agrees with the district court that the March 2005 agreement between BRAC and Sureties capped at $5.6 million the total amount of damages BRAC could recover from Sureties. Accordingly, the district court did not err in denying BRAC consequential damages, penalties, and attorney's fees.

Because we do not disturb the verdict in favor of BRAC, we need not decide whether the district court erred in treating Sureties' certification argument as a "personal defense."

AFFIRMED.