# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2010

No. 09-10487

Lyle W. Cayce
Clerk

TRACY PRICE,

Plaintiff–Appellant,

v.

TAKATA CORP., a Japanese Corporation; TK HOLDINGS, INC., a Delaware Corporation; and as Successor-in-Interest to TAKATA, INC., a Delaware Corporation; TK HOLDINGS I, LLC, a Delaware Corporation; TAKATA RESTRAINT SYSTEMS, INC., a Delaware Corporation; TAKATA SEAT BELTS, INC., a Delaware Corporation; TAKATA USA CORP., a Delaware Corporation; HONDA MOTOR COMPANY LTD, a Japanese Corporation; HONDA RESEARCH AND DEVELOPMENT CO. LTD, a Japanese Corporation; AMERICAN HONDA MOTOR COMPANY, a Delaware Corporation; HONDA OF AMERICA MANUFACTURING, INC., a Delaware Corporation,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CV-151

Before JOLLY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10487

A jury returned a verdict for defendants Honda Motor Company Ltd. (Honda) and Takata Corp. (Takata) in a case arising from the injuries Tracy Price sustained in a car accident.  Price appeals with challenges to the district court's admission of evidence of her drug abuse.  For the following reasons, we affirm.

**I**

This case arises from a tragic, one-car accident that rendered Price paraplegic.  Price brought suit against Honda, the manufacturer of her car, and Takata, the manufacturer of the seatbelt in her car.  She alleged that Honda and Takata were liable for her injuries because the seatbelt in her car was defective. She contended that the seatbelt buckle was subject to partial engagement, such that it seemed to latch when it actually did not latch.  The case proceeded to trial on her tort claims.

At trial, to show that Price was at fault for the car accident, Honda and Takata introduced testimony that Price had a history of methamphetamine use and that after the accident she was assessed a fine for drug paraphernalia found in her car.  They also introduced expert testimony that if Price had ceased her use of methamphetamine two days before the accident, as she asserted, she would have been experiencing withdrawal symptoms, including fatigue.  The jury returned a verdict for Honda and Takata, finding that Price was not wearing her seatbelt at the time of the accident.

Price appeals and argues that the district court abused its discretion in admitting the evidence of her methamphetamine use.  She argues that the evidence of her drug use is irrelevant since a jury is not allowed to consider a plaintiff's fault in a crashworthiness case.  She also argues that even if the evidence is marginally relevant, the district court should have excluded it since the evidence's probative value is substantially outweighed by the danger of unfair prejudice.

No. 09-10487

## II

We review a district court's decision to admit or exclude evidence for abuse of discretion.[1] "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."[2] "If we find that an abuse of discretion has occurred, we then apply the harmless error doctrine."[3] Thus, we will affirm the evidentiary ruling "unless the district court abused its discretion and a substantial right of the complaining party was affected."[4] "An error does not affect substantial rights if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict."[5]

On appeal, Price did not address whether the introduction of evidence of her drug use was harmful. "As a general rule, a party waives any argument that it fails to brief on appeal."[6] Price makes no arguments in her brief as to how the allegedly erroneous evidentiary rulings affected the jury finding that she was not wearing her seatbelt. She points to no moment in which Honda or Takata called upon the jury to infer that her drug use affected her ability or likelihood to buckle her seatbelt or suggested that her drug use diminished her right to recover. Neither does she cite any instances in the record in which Honda or

---

[1] *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 387 (5th Cir. 2009).

[2] *Id.* (internal quotation marks and citation omitted).

[3] *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 707 (5th Cir. 2007) (internal quotation marks and citation omitted).

[4] *Id.* (internal quotation marks and citation omitted).

[5] *Id.* at 707-08 (internal quotation marks and citation omitted).

[6] *United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009), *pet. for cert. filed*, Nos. 09-1422, 09-11039 (May 24, 2010); No. 09-11067 (May 25, 2010) .

Takata attacked the credibility of her testimony because of her drug use. Accordingly, because her brief does not adequately discuss how the evidence of drug abuse affected the jury verdict, Price has waived any contention that this error was harmful.

Even if we were to assume that Price did not waive this issue, any error in admitting the evidence was harmless. A review of the entire record demonstrates that the evidence of Price's drug use had very slight, if any, effect on the jury's finding that the plaintiff was not wearing her seatbelt. The question of whether Price was wearing her seatbelt turned on the testimony of three Emergency Medical Technicians (EMTs) and Price. The EMTs, who each arrived at the scene of the accident, testified that Price informed them that she had not engaged her seatbelt. Price's testimony did not directly refute these statements. She testified that she always wears her seatbelt, but that she could not remember what she told the EMTs. The evidence of Price's drug use was proffered not to discredit this testimony, but rather to show that she caused the one-car accident. Further, the expert witness did not testify as to whether her drug withdrawal affected her seatbelt use, and Honda and Takata made no arguments that her drug use had any role in her failure to wear a seatbelt. Thus, even if the evidence was improperly admitted, it did not alter the jury's verdict.

*    *    *

Accordingly, we AFFIRM the district court's judgment.