# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2010

No. 09-30086

Lyle W. Cayce
Clerk

LEE STEVENS; PAULA STEVENS,

Plaintiffs - Appellees

v.

AUTO CLUB FAMILY INSURANCE CO.,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-1885

Before JOLLY and GARZA, Circuit Judges, and STARRETT[*], District Judge.

PER CURIAM:[**]

The district court entered judgment on a jury verdict in favor of Lee and Paula Stevens ("Plaintiffs") and against Auto Club Family Insurance Co. ("AAA"). The case began when Hurricane Rita damaged Plaintiffs' home in late September 2005. Plaintiffs held a homeowner's insurance policy issued by AAA.

Several months after the storm, the parties were still unable to reach agreement on the extent of coverage. As a result, Plaintiffs filed suit against

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30086

AAA, alleging that AAA breached its insurance contract and violated Louisiana's good faith law, which, *inter alia*, obligates an insurer to act in good faith and "pay the amount of any claim" owed to the insured under her policy within sixty days "after receipt of satisfactory proof of loss" from the policyholder. LA. REV. STAT. ANN. § 22.1220.

The case was eventually tried to a jury in June 2008. AAA argued Plaintiffs' claims were suspicious and any delay in payment was attributable to a genuine dispute. Plaintiffs argued they were making every effort to work with AAA to resolve their claims, but AAA consistently failed to investigate the claims and return calls, instead opting to delay and stonewall.

The jury accepted Plaintiffs' arguments and entered a verdict against AAA. The jury awarded additional coverage amounts under the insurance policy and damages and penalties related to AAA's breach of its obligation of good faith and fair dealing. Following the verdict, the district court denied AAA's renewed motion for judgment as a matter of law or, in the alternative, for a new trial, and entered judgment on the jury verdict. AAA timely filed this appeal.

AAA contends that there was insufficient evidence to support the jury's finding of bad faith because AAA's failure to pay Plaintiffs' claims was not arbitrary, capricious, or without probable cause. "[A] jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 481–82 (5th Cir. 2008) (internal quotation marks and citation omitted); *see also* FED. R. CIV. P. 50(a)(1). A motion for judgment as a matter of law "should be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that the [c]ourt believes that reasonable men could not arrive at a contrary verdict." *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009) (citation omitted). After a thorough review of the briefs, oral arguments of the parties, and all relevant portions of the record, we

No. 09-30086

find no reversible error in the district court's determination that AAA is not entitled to judgment notwithstanding the verdict on the bad faith issue. Although the question is close because of the quality and quantity of evidence of bad faith, given the deferential standard of review, the jury's verdict withstands challenge.

AAA contends that the jury's damages award for mental anguish must be reversed, or alternately, reduced because the award is entirely disproportionate to the injury, if any, sustained. The size of the award to which a plaintiff is entitled is generally a fact question, and the reviewing court should be "'exceedingly hesitant' to overturn the decision of the jury—the primary fact finder—and the trial judge" who entered judgment on the verdict. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 934 (5th Cir. 1982). Although the award is at the outer limits of the permissible, given the deferential standard of review, we will not upset the jury's verdict.

AAA contends that the district court erred by excluding testimony of conversations between the parties' adjusters. We review evidentiary decisions for an abuse of discretion. *Price v. Rosiek Const. Co.*, 509 F.3d 704, 707 (5th Cir. 2007). Even if an abuse occurred, the ruling will be affirmed if the error was harmless. *Id.* Assuming *arguendo* that the district court erred in excluding the testimony, we find any resulting error to be harmless. We are not persuaded that the testimony, had it been admitted, would have made a difference in the verdict. *Id.* at 707–08.

AAA contends that the district court erred in admitting expert testimony from Plaintiffs' adjuster. We review the admissibility of expert testimony under an abuse of discretion standard. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). Having reviewed the relevant portions of the record, we find no abuse of discretion in the admission of the testimony.

AFFIRMED.