NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014[*]
Decided June 9, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-1456 | Appeal from the United States District Court for the |
| LAVELLE WATTS, JR., | Northern District of Illinois, |
| *Plaintiff-Appellant*, | Eastern Division. |
| *v.* | No. 11 C 1573 |
| JOSH SAWYER, | Susan E. Cox, |
| *Defendant-Appellee*. | *Magistrate Judge.* |

**O R D E R**

   Lavelle Watts, Jr., sued police officer Josh Sawyer for excessive force during arrest. *See* 42 U.S.C. § 1983. A jury returned a verdict for Sawyer. On appeal Watts challenges several evidentiary rulings and argues that the verdict is contrary to the weight of the evidence. We affirm.

---

   [*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Watts's excessive-force claim arose out of a disturbance that occurred at the home of his girlfriend Titania Jackson. The two had gotten into an argument, and Jackson called 911 when Watts refused to leave. Officer Sawyer was dispatched to the apartment regarding a domestic dispute. Sawyer eventually arrested Watts, and in so doing, Watts alleged, slammed his head into a door frame, twisted his left arm, and while escorting him outside, shoved his body against the stairwell walls.

Nearly two years later, Watts, assisted by counsel, brought this civil-rights suit asserting that Sawyer used excessive force against him in violation of the Fourth Amendment.

Less than two months before trial was scheduled, Watts's newly retained attorney (his third lawyer to represent him in this case) moved to reopen discovery, explaining that he had been unable to secure discovery materials from Watts, his previous lawyers, and defense counsel. The judge denied the request and told Sawyer's counsel to give Watts "copies of depositions, Rule 26(a) disclosures, and any other documents plaintiff will need, which are not available in the public file."

Both parties then moved to exclude evidence. Officer Sawyer filed a motion in limine seeking to exclude evidence of prior allegations of misconduct leveled against him involving excessive force. Watts moved to exclude evidence of the 911 call that Jackson made the night of his arrest and any other 911 calls she made to report Watts for a domestic disturbance.

The magistrate judge granted Officer Sawyer's motion and denied Watts's. Concerning Sawyer's request, the judge concluded that the accusations of misconduct in Sawyer's personnel file were "nothing more than unsubstantiated allegations," and "would only confuse the jury and require the defendant to adduce evidence of the reasonableness of his conduct in these unrelated incidents, creating 'mini-trials' within the trial." The judge also concluded that the prior incidents that Watts sought to introduce at trial were factually distinct from this case. As for Watts's request to exclude Jackson's 911 calls, the judge held that Officer Sawyer could testify about what he knew about Jackson's 911 call made the night of the arrest because it "bears directly on whether he acted reasonably under the circumstances." The judge did not address Watts's request to exclude prior 911 calls.

At trial the parties agreed that Watts and Sawyer scuffled in Jackson's apartment, but they disputed the cause and extent of the skirmish. According to Sawyer and two

backup officers, Watts shoved Sawyer, resisted Sawyer's attempt to arrest him, and was tussled to the ground when Sawyer tried to handcuff him. Watts, on the other hand, testified that he peacefully complied with Sawyer's request to leave the apartment, though he acknowledged that in doing so he "must have brushed up against Officer Sawyer," and Sawyer responded by twisting his arm and slamming his head into the door so hard that he briefly lost consciousness.

The jury returned a verdict in favor of Officer Sawyer.

On appeal Watts, now proceeding pro se, first argues that the magistrate judge abused her discretion by excluding evidence of past civilian complaints of misconduct obtained from Officer Sawyer's personnel file. These complaints, he contends, should have been admitted under Federal Rule of Evidence 404(b) to show that Sawyer engaged in a pattern of aggressive behavior and abusive arrest tactics toward suspects.

But the magistrate judge acted within her discretion to exclude the evidence because she reasonably concluded that the unsubstantiated allegations were factually distinct, could confuse the jury, delay the trial, and mislead the jury to regard him as liable based on past accusations. *See Duran v. Town of Cicero*, 653 F.3d 632, 645 (7th Cir. 2011) (upholding exclusion of evidence of misconduct complaints against officer in excessive-force case because introduction "risked creating a sideshow and sending the trial off track"); *Treece v. Hochstetler*, 213 F.3d 360, 363–64 (7th Cir. 2000) (upholding exclusion of officer's past misconduct because conduct not sufficiently similar to permit inference of pattern).

Watts next appears to argue that Officer Sawyer exceeded the scope of the court's ruling barring evidence of Jackson's prior 911 calls when he testified that he had previously observed arguments between the couple. But Watts misunderstands the judge's ruling. The judge allowed Sawyer to "present evidence on what the defendant officer knew about the circumstances of the call prior to his arrival" and said nothing about excluding Sawyer's prior interactions with the couple. Thus, Watts's argument is without merit.

Watts next argues that there is insufficient evidence to support the jury's verdict. He points to minor inconsistencies between the officers' account of the events surrounding the altercation, including the timing of the arrival of the backup officers and the extent of their involvement in subduing him; these inconsistencies, he insists, show that the officers lied and that their testimony should not have been credited. But

we may not review the jury verdict based on sufficiency of the evidence because Watts failed to preserve his challenge by moving for a judgment as a matter of law or for a new trial after the jury returned its verdict. *See Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 404–05 (2006); *Consumer Prods. Research & Design, Inc. v. Jensen*, 572 F.3d 436, 437–38 (7th Cir. 2009); *Maher v. City of Chicago,* 547 F.3d 817, 823–24 (7th Cir. 2008); *Pearson v. Welborn*, 471 F.3d 732, 738–39 (7th Cir. 2006); *Kelley v. City of Albuquerque*, 542 F.3d 802, 817 (10th Cir. 2008); *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 707 (5th Cir. 2007). Even if we were to review the sufficiency challenge, these "somewhat incongruous accounts of the sequence, duration, and scope of the altercation … are the prototypical products of confusion, mistake, or faulty memory," *Montaño v. City of Chicago*, 535 F.3d 558, 564–65 (7th Cir. 2008) (internal quotation marks omitted), and the jury was entitled to weigh the officers' credibility in light of the inconsistencies, *see Whitehead v. Bond*, 680 F.3d 919, 925–27 (7th Cir. 2012); *Wallace v. McGlothan*, 606 F.3d 410, 426 (7th Cir. 2010); *Casillas–Díaz v. Palau*, 463 F.3d 77, 81–82 (1st Cir. 2006); *Lampkins v. Thompson*, 337 F.3d 1009, 1015–16 (8th Cir. 2003).

Lastly, Watts contends that the magistrate judge erred by refusing to reopen fact discovery so that his new lawyer could obtain medical evidence documenting his injuries. Given the late timing of the request, the district court's considerable discretion in managing its docket, *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012), and Watts's apparent ability to obtain the materials he sought (he presented extensive evidence at trial about his injuries, including testimony from his orthopedic surgeon and physical therapist, his treatment records from physical therapy, and photographs taken the night of the incident), this contention is meritless.

AFFIRMED.