# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2019

Lyle W. Cayce
Clerk

No. 18-30705
Summary Calendar

SEANTREY MORRIS,

      Plaintiff - Appellant

v.

JOSEPH MEKDESSIE; BRANDON LEBLANC; DANIEL SWEARS;
ARTHUR S. LAWSON, in his official capacity as Chief of Police, City of
Gretna Police Department; GRETNA CITY,

      Defendants - Appellees

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 2:14-CV-1741

Before JOLLY, COSTA, and HO, Circuit Judges.

GREGG COSTA, Circuit Judge:*

      Appeals in excessive force cases usually ask us to decide whether there is sufficient evidence to overcome qualified immunity and allow the case to be tried. This appeal is different because the main excessive force claim, which challenges police use of a taser, survived summary judgment and went to a

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30705

jury. The jury found for the officer. That verdict flips how we normally construe the evidence in excessive force appeals; we must now view the evidence and all reasonable inferences in the officer's favor. That dooms the challenge to the verdict. We also see no basis to overturn the district court's pretrial dismissal of other claims against other defendants.

## I.

Officer Joseph Mekdessie of the Gretna Police Department pulled up behind Seantrey Morris at a red light and noticed an expired brake tag (the tag is proof of the vehicle's inspection). After the light turned green, Mekdessie says he saw the car speeding. Mekdessie pulled the car over. Morris struggled at first to find his proof of insurance and registration and, when he did, he exited his vehicle to show them to Mekdessie. Mekdessie ordered Morris to wait while he completed paperwork, so Morris returned and remained beside his car. Mekdessie then returned with tickets for speeding and operating a vehicle with an expired brake tag.

Mekdessie asked Morris to sign the tickets. When Morris asked why he was being ticketed, Mekdessie did not answer, and instead ordered him to sign or be arrested.[1] Morris continued to ask and refused to sign. Mekdessie then ordered him to place his hands behind his back so he could be arrested. Morris did not comply. Mekdessie placed Morris in a headlock (Mekdessie called it a "brachial stun") and took him to the ground.

Morris remembers little after this, but at some point he was tased, handcuffed, and placed in the back of a police car, though in what order he is not sure. A different officer, who arrived after the melee began—Officer Brandon LeBlanc—was the one who tased Morris. A brief video of the tasing

---

[1] Because the excessive force claim arising from the dispute between Morris and Mekdessie was dismissed on summary judgment, we take the facts in the light most favorable to Morris. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

appears to indicate that Morris was already in handcuffs when the tasing occurred. When Morris arrived at the Jefferson Parish Correction Center he was immediately rerouted to the hospital with a broken jaw.

Eventually Morris was charged with speeding, driving with an expired tag, resisting a police officer, and battery of a police officer. He entered a pretrial diversion plan and the charges were dismissed. Morris later sued Officers Mekdessie, LeBlanc, and a third officer as well as the city of Gretna, its police department, and its chief of police for unlawful arrest, false imprisonment, excessive force, battery, and improper training and supervision. The district court granted summary judgment on almost all of these claims but it sent the claims of excessive force and battery against Officer LeBlanc to trial. At the end of a two-day trial, the jury returned a verdict in favor of LeBlanc.

## II.

Though Morris's claims against LeBlanc arising from the tasing survived summary judgment and reached a jury, he contends that "the jury failed to get the facts right." He does not put it in these terms, but his argument that the facts required a verdict in his favor is tantamount to arguing that he proved battery and excessive force so completely that the court should have held that he prevailed as a matter of law. FED. R. CIV. P. 50(a), (b). But Morris did not seek judgment as a matter of law in the district court (he only sought and was denied a new trial, a ruling he does not appeal), so we are powerless to consider whether a directed verdict would have been appropriate. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006); *Price v. Rosiek Const. Co.*, 509 F.3d 704, 707 (5th Cir. 2007).

Even if we could, it is difficult to see how the fact-intensive nature of this excessive force claim would be amendable to a directed verdict. LeBlanc testified that when he arrived on the scene Morris was punching Mekdessie, so he tackled Morris to get him off Mekdessie. LeBlanc then got off Morris, but

No. 18-30705

saw that Morris was attempting to stand up.  This prompted LeBlanc to warn Morris that he was going to use a taser.  When the warning went unheeded, LeBlanc used the taser.  The initial tasing did not stop Morris from talking and continuing to get off the ground, so he deployed it multiple times.  Morris vigorously disputes LeBlanc's testimony, but the jury gets to decide credibility. And the video was not so definitive that it would mandate a verdict in Morris' favor.

### III.

### A.

Morris also challenges the pretrial dismissal of his other claims.  The district court held that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred the false arrest, unlawful seizure, and malicious prosecution claims, which were based on the the arrest of Morris and the criminal charges against him.  *Heck* does not allow a civil rights lawsuit to be an alternative vehicle for to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved "in favor of the accused."  *Id.* at 484.  Morris completed a pretrial diversion program.  A division program is essentially a middle ground between conviction and exoneration.  *Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005) (explaining the procedure as a "compromise" because although there is not guilty plea, a diversion imposes burdens on the defendants "not consistent with innocence").  Even though it is not a guilty plea, defendants entering diversion programs "acknowledge responsibility for their actions."  *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994) *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc).  As such, "[e]ntering a pre-trial diversion agreement does not terminate the criminal action in favor of the criminal defendant. . . ."  *Id.* at 456.  *Heck* thus applies and dismissal was appropriate under our decades-

No. 18-30705

old rule. *See id.* (citing *Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980)).

## B.

Morris next argues that the district court erred by granting summary judgment to Mekdessie on the excessive force claim based on their physical encounter. *Heck* does not bar this claim because a challenge to the means of arrest does not challenge the validity of the arrest. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). The district court nonetheless found no evidence supported the excessive force claim because it believed the undisputed evidence was that Morris battered Mekdessie before Mekdessie used any force. We are not sure the record supports a finding that Morris struck first, let alone that there is no dispute about that. But the evidence is undisputed that Morris resisted arrest and refused to put his hands behind his back. That resistance justified Mekdessie to use a reasonable amount of force to effectuate the arrest. *Deville v. Marcantel*, 567 F.3d 156, 167–68 (5th Cir. 2009). Morris fails to show that the level of force Mekdessie applied was constitutionally unreasonable in light of clearly established law, as he must to overcome Mekdessie's qualified immunity defense. *See Griggs v. Brewer*, 841 F.3d 308, 314–15 (5th Cir. 2016) (granting qualified immunity to an officer conducting a similar takedown maneuver). We affirm on this alternative basis.[2]

## C.

Because the police officers did not commit any constitutional violations, the City of Gretna and its chief of police, Arthur Larson, cannot be liable for

---

[2] Morris also makes several arguments that summary judgment on this claim was inappropriate because he was stopped without probable cause and should not have been arrested. In essence, he argues that he only resisted arrest (triggering the response from Mekdessie) because he was falsely arrested. Because this chain of causation relies on a false arrest, *Heck* bars the argument.

No. 18-30705

failure to supervise and train the city's police. The theory for that liability is that the failure to supervise or train was a moving force behind an individual officer's unconstitutional use of force. The jury's verdict favoring Officer LeBlanc, combined with the proper grant of summary judgment in favor of Officer Mekdessie, means there is no underlying constitutional violation. That means there can be no municipal liability or improper supervision claim. *Whitley v. Hanna,* 726 F.3d 631, 648–49 (5th Cir. 2013); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001).

\* \* \*

The judgement is AFFIRMED.