# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2022

Lyle W. Cayce
Clerk

No. 21-50635

Beatrice D. Rodriquez,

*Plaintiff—Appellant*,

*versus*

Midland County Hospital District, *doing business as*
Midland Memorial Hospital,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CV-173

Before Jolly, Smith, and Engelhardt, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:*

Appellant Beatrice Rodriquez was fired after filing a charge of discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, against her employer, Midland Memorial Hospital (MMH). Although Rodriquez's underlying sex discrimination claim was dismissed at summary

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50635

judgment, the district court held a jury trial to determine whether the hospital's decision to fire Rodriquez was retaliation for her Title VII claim. The jury returned a verdict for MMH. Rodriquez now appeals the district court's order denying her motion for a new trial, arguing that the court erroneously excluded certain evidence and compounded this error by giving flawed jury instructions. We, however, find no reversible error and AFFIRM.

## I

On June 14, 2017, Beatrice Rodriquez was going about her duties as a customer service representative for MMH when she was confronted by a coworker, Irma Guerrero, who took issue with Rodriquez's attire. Guerrero asked why Rodriquez was "always dressed like that and always flirting with all the men." Guerrero then pulled on Rodriquez's cardigan, exposing her shoulder, to show that Rodriquez was "not even wearing a bra; you can see everything." Rodriquez further alleges that Guerrero repeated this conduct as Rodriquez tried to walk away, leading her to tell Guerrero to "go back to your cage."

Rodriquez reported Guerrero's actions to her supervisor, who met with Rodriquez five days after the incident. Both Rodriquez and Guerrero received written warnings as a result of the incident. Guerrero received a formal warning, which made her ineligible to receive the next annual pay increase, while Rodriquez received a more informal "supervisory desk note" for her remark on Guerrero's "cage."

Dissatisfied with this outcome, Rodriquez turned to the legal process. In August of 2017, Rodriquez filed a charge of sex discrimination against MMH with the Equal Employment Opportunity Commission (EEOC), saying that MMH created a hostile work environment by failing promptly to remedy Guerrero's misconduct. Rodriquez also retained an attorney, who

sent a demand letter to MMH on February 26, 2018, and another to the hospital's outside counsel on March 19. Together, the letters laid out Rodriquez's case and offered to settle for $150,000. MMH declined.

Rodriquez continued to work for the hospital while this legal jockeying was ongoing. According to MMH, however, performance issues began to arise. MMH scheduled a meeting for April 23, 2018, to discuss Rodriquez's tardiness and complaints about her by coworkers. Shortly after arriving, however, Rodriquez ended the meeting, explaining that she wanted to speak to her attorney before continuing discussions. The meeting was then rescheduled for May 1. The email resetting the meeting, however, forbade Rodriquez from bringing her attorney and stated that "if you do not attend this meeting, you will be subject to corrective action up to and including termination of employment." Rodriquez did not attend and was fired shortly thereafter.

After the EEOC closed its investigation and issued a right-to-sue letter, Rodriquez initiated this action in federal district court.[1] In addition to her claim that MMH discriminated on the basis of sex by creating a hostile work environment, Rodriquez claimed that her firing was retaliation for bringing a Title VII claim. The district court granted summary judgment for MMH on Rodriquez's sex discrimination claim, finding that Guerrero's conduct was not severe or pervasive enough to create a hostile work environment.[2] The case proceeded to trial on the retaliation claim.

At trial, MMH contended that it fired Rodriquez because of insubordination—that is, her refusal to attend the May 1 meeting—while

---

[1] The record does not contain the right-to-sue letter and does not disclose what findings, if any, the EEOC made.

[2] Rodriquez does not challenge this finding on appeal.

No. 21-50635

Rodriquez argued this was a mere pretext to conceal MMH's retaliatory motives. Seeking to show that MMH fired her in part for threatening a lawsuit, Rodriquez sought to admit into evidence the demand letters sent to MMH on February 26 and March 19. The district court, however, excluded the letters as evidence of settlement negotiations prohibited by Federal Rule of Evidence 408. Rodriquez also contested the court's jury instructions, which provided that the jury should render a verdict against MMH if it found that MMH's "decision to terminate [Rodriquez] was on account of her filing and participating in a charge of discrimination with the EEOC." Rodriquez argued that this language was too narrow to capture the array of activities—such as threatening litigation—protected from retaliation under Title VII. The district court overruled Rodriquez's objections.

The jury returned a verdict for MMH. Rodriquez then filed a motion for a new trial. She argued that her demand letters were protected activity under Title VII and that the court's exclusion of them, together with the jury instructions, erroneously deprived her of the chance to show that MMH terminated her employment because of her threat of litigation. The district court denied the motion. Rodriquez now appeals the denial of her motion for a new trial, again objecting to the exclusion of the demand letters and to the district court's jury instructions.

The district court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

## II

We begin by examining the district court's exclusion of the demand letters, considering first whether Rodriquez has properly preserved this issue.

No. 21-50635

## A

In order to preserve an error in the exclusion of evidence, a party must "inform[] the court of [the evidence's] substance by an offer of proof, unless the substance was apparent from the context." FED. R. EVID. 103(a)(2). We have interpreted this rule as requiring parties to make clear not only what evidence is being offered, but why that evidence is admissible. *Reese v. Mercury Marine Div. of Brunswick Corp.*, 793 F.2d 1416, 1421 (5th Cir. 1986) ("[A] party is required under FED. R. EVID. 103(a)(2) to carefully articulate every ground for which the evidence is admissible."). "Busy trial courts should not be required to repeat trials, especially civil trials, because the trial judge has excluded evidence for lack of a clear understanding of the proponent's purpose in offering the evidence." *Id.* For this reason, counsel must inform the court as to "what counsel intends to show by the evidence and why it should be admitted." *United States v. Akpan*, 407 F.3d 360, 374 (5th Cir. 2005) (quoting *United States v. Jimenez*, 256 F.3d 330, 343 (5th Cir. 2001)).

## B

At trial, Rodriquez's attorney offered the demand letters in the following exchange:

> THE COURT: All right, what else do we have? Anything else, Ms. Britton, before we get the plaintiff on?
>
> MS. BRITTON: Yes, your honor. Okay, so I have P7. These are the demand letters from February 26—
>
> THE COURT: Demand letters are not coming in.
>
> MS. BRITTON: Okay.

No. 21-50635

> THE COURT: Okay? Denied. That request is denied. No
> demand letters are coming in. Any settlement negotiations are
> not coming into this trial. Anything else?

Rodriquez's counsel made no further objection or argument regarding admission of the demand letters.

The exchange above is not sufficient to preserve Rodriquez's objection because counsel did not specify any ground for admission of the letters.[3] *See Reese*, 793 F.2d at 1421. Although the district court made a rather firm statement that the demand letters would not be admitted, this did not excuse counsel from pressing further to explain the reasoning behind her request for admission. *See FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994) ("[T]o preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court."). By failing to provide any explanation of the importance of the documents and the reasons supporting their admission, Rodriquez deprived the district court of an opportunity to correct its purported error. Given that the argument was not properly made before the district court, it is not preserved, and we will not review it.[4] Rodriquez's challenge to the district court's exclusion of the demand letters therefore fails.

---

[3] On the merits of the evidentiary issue, Rodriquez argues that the letters should have been admitted because they show she engaged in activity protected by Title VII—threatening litigation—shortly before her firing. She also points out that, while evidence related to settlement is not admissible "to prove or disprove the validity or amount of a disputed claim," such evidence may be admitted "for another purpose." Fed. R. Evid. 408. In other words, Rodriquez argues, the letters cannot be used to show the assertions of wrongdoing therein are true, but they can be used to show MMH was threatened with a lawsuit. Whatever the merits of this argument, Rodriquez forfeited the issue by failing to properly raise it before the district court.

[4] Ordinarily, where an appellant does not adequately object in the district court, we review for plain error. *See, e.g.*, *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017).

No. 21-50635

## III

We now turn to the district court's jury instructions. The gravamen of Rodriquez's arguments on appeal is that the instructions should have more explicitly defined the protected activity alleged to be the cause of Rodriquez's firing. That is, Rodriquez contends that MMH fired her not just for filing a charge with the EEOC, but for threatening a lawsuit, a theory which Rodriquez asserts she was prevented from adequately presenting by the district court's jury instructions.

The instructions actually given asked whether MMH's "decision to terminate [Rodriquez] was on account of her filing and participating in a charge of discrimination with the EEOC."[5] Rodriquez does not make clear

---

For an unpreserved challenge to the exclusion of evidence, however, we have repeatedly held that we will not review any claim of error at all. *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979); *United States v. Clements*, 73 F.3d 1330, 1336 (5th Cir. 1996). This court has occasionally deviated from this rule by reviewing such a challenge for plain error. *See Reese*, 793 F.2d at 1421; *United States v. Maes*, 961 F.3d 366, 372 (5th Cir. 2020). But a later panel generally "may not overrule a prior panel decision," *Thompson v. Dall. City Att'y's Office*, 913 F.3d 464, 467 (5th Cir. 2019), and as such, we are bound by our earlier decision in *Winkle* that an unpreserved objection to the exclusion of evidence receives no review. *See Winkle*, 587 F.2d at 710.

[5] The pertinent portion of the instructions reads in full:

To prove unlawful retaliation, Plaintiff Beatrice Rodriquez must prove by a preponderance of the evidence that:

Defendant Midland Memorial Hospital's decision to terminate Plaintiff Beatrice Rodriquez was on account of her filing and participating in a charge of discrimination with the EEOC. To find for Plaintiff Beatrice Rodriquez, you need not find that the only reason for Defendant Midland Memorial Hospital's decision was Plaintiff Beatrice Rodriquez's filing and participating in a charge of discrimination with the EEOC. But you must find that Defendant Midland Memorial Hospital's decision to terminate Plaintiff Beatrice Rodriquez would not have occurred in the absence of — but for — her filing and participating in a charge of discrimination with the EEOC.

on appeal precisely what language she believes the district court should have used. She argued below, however, that the jury instructions should refer to "fil[ing] a charge of discrimination with the EEOC and participat[ing] in the EEOC's investigation" or should have included a specific list of activities protected under Title VII, including that Rodriquez "had her lawyer reach out to [MMH] to address her legal claims." Because Rodriquez repeatedly objected to the instructions given, she has preserved her challenge to the jury charge.

## A

We review a preserved challenge to jury instructions for abuse of discretion. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013). A district court has "broad discretion" to fashion an appropriate jury charge and is "under no obligation to couch the charge in terms requested by counsel." *Davis v. Avondale Indus., Inc.*, 975 F.2d 169, 174 (5th Cir. 1992). Instead, the district court need only "correctly and adequately instruct the jury as to the law to be followed in deciding the issues." *Alexander v. Conveyors & Dumpers, Inc.*, 731 F.2d 1221, 1227 (5th Cir. 1984) (per curiam). In general, we will overturn a jury's verdict only when "the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Abraham*, 708 F.3d at 620 (quoting *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 708 (5th Cir. 2007)).

## B

We conclude that the district court did not abuse its discretion in instructing the jury. The charge used—although not the only permissible set

---

Similarly, the jury verdict form asked "[d]o you find that Plaintiff Beatrice Rodriquez would not have been terminated but for her filing and participating in a charge of discrimination with the EEOC?"

of instructions the district court could have given—was a correct statement of the law as applied to the facts of the case. *See Julian v. City of Hous.*, 314 F.3d 721, 727 (5th Cir. 2002) ("[I]f the charge correctly states the substance of the law, we will not reverse."). We agree with the district court that the phrase "fil[e] and participat[e] in a charge of discrimination" is sufficiently capacious to include the threat of a lawsuit pertaining to an ongoing EEOC investigation. Indeed, the similarity of this language to one version of Rodriquez's own proposed instructions—that Rodriquez "filed a charge of discrimination with the EEOC and participated in the EEOC's investigation"—makes clear that the district court's choice of words adequately encompassed Rodriquez's theory of the case. Nor was the district court required to adopt Rodriquez's alternative proposal of a lengthy and cumbersome list individually mentioning "complaining internally, participating in an EEOC investigation, making an EEOC charge, hiring an attorney, [and] threatening a lawsuit."

Moreover, the district court indicated at multiple points during the trial that it would allow Rodriquez free rein in arguing that her actions constituted "participating in" a charge of discrimination. When Rodriquez requested that the instructions reference "fil[ing] a charge and participat[ing] in an EEOC investigation," the district court responded that "you can argue all that to the jury" under the extant language. And the court later reassured Rodriquez that she could argue "whatever . . . you want to argue that are reasonable inferences from the charge." Furthermore, there is no indication that Rodriquez was precluded from eliciting testimony showing that she threatened litigation. The district court's permissive approach suggests that Rodriquez failed to convince the jury she was fired for threatening a lawsuit not because she was hampered by unduly restrictive jury instructions, but because she failed to adduce sufficient persuasive evidence.

No. 21-50635

Even if more specific language could have been helpful to Rodriquez, parties are entitled not to their "exact choice of verbiage in a jury instruction" but to a correct statement of the issues and law. *United States v. Montgomery*, 747 F.3d 303, 310 (5th Cir. 2014). Rodriquez received her due. We entertain no "substantial and ineradicable doubt" that the jury was misguided. *Davis*, 975 F.2d at 175. We therefore find that there was no abuse of discretion in the district court's jury instructions.

## IV

To sum up, we have held in this appeal that we will not review the exclusion of the demand letters sent by Rodriquez's counsel because Rodriquez failed to properly object to the district court's evidentiary ruling. We have further held that the district court did not err in instructing the jury. Because we find no reversible error, the judgment of the district court is

AFFIRMED.