I (WOODARD, Judge.
Plaintiff filed a personal injury suit against a driver, the driver’s employer, and their insurer. At trial, the defendants stipulated liability, and the jury awarded plaintiff damages for past medical expenses only. Plaintiff appeals that decision. For the following reasons, we amend the judgment and affirm.
FACTS
On July 28, 1993, plaintiff-appellant, Joseph Charles, was operating his vehicle on Moss Street in Lafayette, Louisiana. He had stopped in preparation to make a left turn when his vehicle was struck from the rear by a vehicle driven by Gilford Foreman. Foreman was in a company truck and working for Cecil Chatman Plumbing & Heating Company.
Charles sustained neck, back, and shoulder injuries as a result of the collision. His injuries prevented him from returning to work until August 31, 1993. When he did return, he was returned to light duty, the work status which he had had prior to the ^accident. Charles was discharged from his physician’s care on June 8, 1994, but told to return as needed. He did so one additional time, in August, 1994.
On July 19,1994, Charles filed suit against Foreman, Chatman, and their insurer, State Farm Mutual Automobile Insurance Company. Trial by jury was held on May 28 and 24, 1995, in Lafayette Parish. The defendants stipulated to liability. Thus, the sole issue before the jury was a matter of quantum. The jury awarded Charles past medical expenses only, an award of $12,165.53. He appeals the jury’s failure to award damages for his pain, suffering, and lost wages.
LAW & DISCUSSION
While the jury has wide discretion in assessing the defendant’s conceded damages, it is a clear error of law to award special damages for a personal injury and yet, at the same time, refuse to award general damages for injuries that present objective symptoms. Bowers v. Viator, 625 So.2d 355 (La.App. 3 Cir.1993), writ denied, 93-3023 (La.2/4/94); 633 So.2d 171.
In assessing general damages where a trial court has awarded none, appellate courts are constrained to the guidelines set forth under Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Reck v. Stevens, 373 So.2d 498 (La.1979) to award the lowest amount that would have been within the discretion of the trial court. Ammons v. St. Paul Fire & Marine Ins. Co., 525 So.2d 60 (La.App. 3 Cir.), writ denied, 525 So.2d 1045 (La.1988). Both parties cite several awards as illustrative of the appropriate award of general damages in this case. The awards range from $7,177.00 to $35,000.00. While these cases shed some light on the appropriate range for making a determination of general damages, we must bear in mind that no two cases are identical, and each case must be evaluated according to its own particular circumstances. Berthelot v. Leday, 606 So.2d 1 (La.App. 3 Cir.1992).
When the accident in the case sub judice occurred, Charles had not recovered from a 1989 work-related injury to his shoulder. He was restricted at work to light duty. He had been under the medical care of Dr. Michael Heard, who had been treating him for neck, shoulder, and back problems from September, 1989, to November, 1992. In Dr. Heard’s opinion, Charles’ subjective complaints of pain indicated that he suffered from a chronic pain situation caused by a soft tissue injury. Dr. Heard had ordered several diagnostic tests on his neck, arm, and *45 thoracic and lumbar areas. All were normal. Dr. Heard also testified that Charles was “probably | agoing to have pain on a permanent basis” and that, given his ability to return to light duty work five weeks after the traffic accident, in his opinion the traffic accident caused only some minimal, temporary aggravation of the original condition.
After the accident of July 28,1993, Charles was taken to the emergency room at Our Lady of Lourdes Hospital, where he was treated by Dr. Ernest Kinchen, a general surgeon. Dr. Kinchen diagnosed him as having neck, back, and shoulder injuries and hospitalized him for two days. Dr. Kinchen released Charles to return to light duty work on August 31, 1993, but treated him until October, 1993.
On October 7, 1993, Charles went to see Dr. Clifford Shepherd, an orthopedic specialist. Dr. Shepherd found tenderness, decreased motion, and muscle spasm in the neck and diagnosed a cervical and lumbar strain. He prescribed physical therapy and cortisone injections. Dr. Shepherd also reviewed eight of the diagnostic tests ordered by Dr. Heard and conducted three other tests, which were all essentially normal. Charles’ condition improved under Dr. Shepherd’s care, and on June 8, 1994, Dr. Shepherd discharged him and told him to return on an “as needed” basis. Charles saw Dr. Shepherd one time after his discharge, in August, 1994.
Considering the facts and circumstances peculiar to this case, we believe that an award of $7,500.00 is appropriate.
CONCLUSION
For the foregoing reasons, we find that the jury erred as a matter of law in failing to award the plaintiff-appellant, Joseph Charles, damages for his pain and suffering. The judgment of the trial court is hereby amended to award the sum of $7,500.00 to plaintiff-appellant for his mental and physical pain and suffering. The costs of this appeal are taxed to the defendants.
AFFIRMED AS AMENDED AND RENDERED.
ORDER
The Application for Rehearing herein having been duly considered: IT IS ORDERED that a Rehearing be, and the same is hereby, DENIED.
OAD, J., would simply, deny rehearing.