# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40663
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

FIDEL DAVIS,

Plaintiff-Appellant

v.

DANE HOLLIER, Officer Position; TIMOTHY MCCURLEY, Sergeant Position,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-103

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fidel Davis, Texas prisoner # 1689557, filed the instant 42 U.S.C. § 1983 civil rights suit against Dane Hollier and Timothy McCurley, officers in the Groves Police Department. Davis alleged that Hollier and McCurley used excessive force against him by punching him in the mouth and elsewhere and that they gave him poisoned water to drink at the police station. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40663

defendants were granted summary judgment as to Davis's claims regarding the water, and a jury trial was held on his claims of excessive force. The jury returned a verdict in favor of the defendants, and Davis appeals the final judgment in the case.

After briefing was completed, Davis filed another document in this court discussing the case. The filing is construed as motion for leave to file a supplemental reply brief and is denied, as it is redundant of Davis's opening brief and reply brief.

With the benefit of liberal construction, Davis raises three issues on appeal. First, he contends that he proved his claims of excessive force by a preponderance of the evidence. Where an appellate challenge to the sufficiency of the evidence was preserved in the district court with regard to a jury verdict, we will reverse the verdict only if there was no legally sufficient evidentiary basis for a reasonable jury to have reached that verdict. *Travelers Cas. and Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 481-82 (5th Cir. 2008). A more deferential standard of review applies to the district court's denial of a motion seeking a new trial based on the weight of the evidence. *Id.* at 482. Such a denial "will be affirmed unless there is a clear showing of an absolute absence of evidence to support the jury's verdict." *Miller v. Raytheon Co.*, 716 F.3d 138, 145 (5th Cir. 2013) (internal quotation marks and citation omitted).

However, Davis has waived appellate review of the sufficiency of the evidence because he did not file a postverdict motion under Federal Rule of Civil Procedure 50(b) for a judgment as a matter of law or a motion under Federal Rule of Civil Procedure 59 for a new trial on the ground that the verdict was contrary to the weight of the evidence. *See Downey v. Strain*, 510 F.3d 534, 543 (5th Cir. 2007); *Price v. Rosiek Const. Co.*, 509 F.3d 704, 707 (5th Cir. 2007). In any event, the defendants presented evidence at the trial indicating

that the officers did not punch Davis and that Davis's injuries were likely caused instead by a reaction to drugs he ingested on his own.  Thus, Davis's challenge to the sufficiency of the evidence would fail even if it were not waived, as there was a legally sufficient evidentiary basis for a reasonable jury to find that Hollier and McCurley did not use excessive force on Davis.

In his next issue, Davis contends that there was a violation of the court's order granting the defendants' motion in limine.  Davis cites the testimony of Dr. Edward Gripon, an expert witness for the defense, indicating that Dr. Gripon was being paid to appear as a witness at the trial.  According to Davis, such testimony violated a prohibition against mentioning that any offer of a settlement or payment was made or discussed on behalf of the defendants or Davis.  Davis's assertion is unavailing because Dr. Gripon was not a party to the case and his payment did not constitute a settlement or attempted settlement of the case.  *See* FED. R. EVID. 408.

Davis does not brief any argument in his opening brief concerning any other violations of the order granting the motion in limine.  He has thus waived any such arguments.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  While pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them.  *Id.*  Although Davis's reply brief lists additional violations of the order, we will not consider them because they are raised for the first time in the reply brief.  *See id.*

Davis's remaining arguments challenge numerous rulings by the judge during the trial, and Davis contends that his trial was unfair based on those rulings.  Litigants have a constitutional right to a fair trial in a civil case.  *Latiolais v. Whitley*, 93 F.3d 205, 207 (5th Cir. 1996).  The judge has considerable discretion in conducting a fair trial, and his rulings will not be reversed absent proof of an abuse of discretion.  *Marceaux v. Lafayette City-*

No. 13-40663

*Parish Consol. Gov't*, 731 F.3d 488, 492 (5th Cir. 2013); *Excel Handbag Co. v. Edison Bros. Stores, Inc.*, 630 F.2d 379, 388 (5th Cir. 1980).  Based on our review of the record, Davis's arguments do not show that the judge abused his discretion in conducting the trial or that Davis suffered an unfair trial.  We note that Davis had a sufficient opportunity after the verdict to request that the jury be polled.

AFFIRMED;  MOTION  FOR  LEAVE  TO  FILE  SUPPLEMENTAL REPLY BRIEF DENIED.