# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30165

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2016

Lyle W. Cayce
Clerk

JOSEPH J. WILTZ, JR.,

      Plaintiff - Appellant

v.

MAYA WELCH; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-420

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

In this diversity action arising out of an automobile collision, Plaintiff–Appellant Joseph Wiltz appeals the district court's denial of his motion for a new trial or, in the alternative, to amend judgment against Maya Welch and State Farm Mutual Automobile Insurance Co. (collectively "Defendants"). For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30165

## I.

Welch rear-ended Wiltz's car in stop-and-go traffic. Wiltz then sued Welch and her insurance company, State Farm, in Louisiana state court. Wiltz claimed that he was injured in the accident and sought damages for pain and suffering, lost wages, past and future medical expenses, and loss of enjoyment of life. Defendants removed the case to federal court based on diversity, and the case proceeded to a jury trial.

Defendants admitted that Welch was at fault for the car accident. The focus of the trial was whether her negligence caused any of the injuries that Wiltz was claiming. During trial, it was revealed that Wiltz was a serial plaintiff with pre-existing injuries who had failed to disclose his full medical history to the doctors treating him. His medical history included an accident in 2011 where he injured his neck, back, and shoulders; a 2005 accident where he injured his neck; a work related incident in 1997 where he hurt his lower back; and an accident in 1991 where he injured his back. Wiltz failed to disclose any of these previous accidents to one of his treating doctors and even told him that he had never before experienced back or neck pain. Wiltz also answered discovery untruthfully and incompletely, and could not recall a great deal of the information unfavorable to his case, needing to be reminded of such information on cross-examination. Nevertheless, the jury returned a verdict in Wiltz's favor. The jury compensated Wiltz for his past medical expenses, but denied any general damages for pain and suffering, as well as any other special damages for lost income or future medical expenses.

Wiltz filed a motion for new trial or, in the alternative, amendment of judgment, contending that the jury's verdict—awarding special damages for past medical expenses, but refusing to award any general damages—was inconsistent under Louisiana law, thus amounting to an abuse of discretion on the jury's part. The district court denied Wiltz's motion. It found that the jury

2

No. 15-30165

could have reasonably concluded that Wiltz proved that he was entitled to recover past medical costs, but that he did not prove that he endured any compensable pain and suffering.  Wiltz appealed.

## II.

### A. Motion for New Trial

Wiltz argues that the district court erred in denying his motion for a new trial because the jury's verdict awarding him past medical expenses but no general damages is contrary to Louisiana law.

A motion for a new trial based on an inadequate or inconsistent jury award is governed by Louisiana state law in this diversity action. *See Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 419 (1996)). Under the Louisiana Code of Civil Procedure, a party is entitled to a new trial "when the verdict or judgment appears clearly contrary to the law and [the] evidence." *Davis v. Wal-Mart Stores, Inc.*, 2000-0445, p. 9 (La. 11/28/00), 774 So. 2d 84, 92 (citing La. Code Civ. P. art. 1972(1)). "When granting a new trial, the court can evaluate the evidence, draw it's [sic] own inferences and conclusions, and determine whether the jury erred in giving too much credence to an unreliable witness. Yet, Louisiana courts still accord jury verdicts great deference." *Fair*, 669 F.3d at 605 (internal quotation marks and citations omitted). "The assessment of 'quantum' or the appropriate amount of damages, by a . . . jury is a determination of fact, [and is] entitled to great deference on review." *Wainwright v. Fontenot*, 2000-0492, p. 6 (La. 10/17/00), 774 So. 2d 70, 74. "[T]he jury's verdict should not be set aside if it is *supportable by any fair interpretation of the evidence*." *Davis*, 774 So. 2d at 93 (quoting *Gibson v. Bossier City Gen. Hosp.*, 594 So. 2d 1332, 1336 (La. App. 2 Cir. 1991)).

The Louisiana Supreme Court has recognized that "a jury verdict awarding medical expenses but simultaneously denying damages for pain and

suffering will most often be inconsistent in light of the record." *Wainwright*, 774 So. 2d at 75. But "a verdict awarding medical expenses yet denying general damages is not *per se* invalid." *Id.* at 76 (noting that courts of many states "generally have rejected the factfinder's determination as to damages only where the failure to award general damages is factually inconsistent with a reasonable reading of the record, giving due deference to the jury's findings of fact."). "[U]nder certain circumstances the evidence of record supports both an award of medical expenses and a concurrent denial of general damages. Effectively, then, the ultimate question has been whether the factfinder made inconsistent awards and thus abused its discretion." *Id.* at 75.

Numerous Louisiana court decisions have held that a jury's award of medical expenses and denial of general damages for pain and suffering were inconsistent in light of the record. *See e.g.*, *Robinson v. Gen. Motors Corp.*, 328 So. 2d 751, 752 (La. App. 4 Cir. 1976) (finding award of medical expenses but no damages for pain and suffering improper where plaintiffs' objective physical injuries included a broken nose, bruised chest, bruised leg, a visible bump, and rib separation); *Charles v. Cecil Chatman Plumbing and Heating Co.*, 96-299, p. 3 (La. App. 3 Cir. 10/23/96), 686 So. 2d 43, 45 (finding award of medical expenses but no damages for pain and suffering improper where plaintiff had a cervical and lumbar strain); *see also Wainwright*, 774 So. 2d at 75 (explaining that these cases are not examples of a bright line rule but of a court correcting jury verdicts that were illogical and inconsistent). But Louisiana courts have also found a jury's award of medical expenses and denial of general damages consistent in light of certain records. *See e.g.*, *Wainwright*, 774 So. 2d at 77-78 (affirming jury's award of medical expenses without general damages because the medical expenses were incurred for precautionary purposes); *Coleman v. U.S. Fire Ins. Co.*, 571 So. 2d 213, 215-16 (La. App. 3 Cir. 1990) (affirming jury's award of special damages without general damages because the jury could

No. 15-30165

have reasonably found that plaintiff did not suffer any injuries from the fender bender but was justified in getting a medical checkup after the accident); *Olivier v. Sears Roebuck & Co.*, 499 So. 2d 1058, 1064 (La. App. 3 Cir. 1986) (affirming jury's award of medical expenses without general damages because the evidence—including plaintiff's lack of objective symptoms—supported a jury finding that the plaintiff did not sustain any new injuries or aggravation of pre-existing injuries as a result of the accident).

In our view, the demarcation line for these cases is whether the plaintiff has proven objective injuries that require medical care. If a plaintiff establishes objective injuries, then a jury's failure to award damages for pain and suffering is an abuse of discretion. But if a plaintiff fails to prove objective injuries and instead incurs medical expenses for evaluative or precautionary purposes, then a jury's award of special damages but no general damages is not an abuse of discretion. Wiltz's case falls into the latter category.

We find that the jury did not abuse its discretion by failing to award Wiltz general damages because there was insufficient evidence to conclude that his collision with Welch resulted in compensable pain and suffering and that his medical care was something more than evaluative or precautionary in nature. Considering the testimony and exhibits introduced at trial, particularly Wiltz's own testimony and the testimony of the doctors, Wiltz did not prove that he suffered from objective physical injuries as a result of the accident. Wiltz saw several doctors following the accident. But merely seeking medical care, without more, does not establish that he suffered from objective injuries warranting an award of damages for pain and suffering. Accordingly, the jury's award of past medical expenses without an award for pain and suffering is not inconsistent or illogical.

Wiltz argues that this court should follow its decision in *Matheny v. Chavez*, 593 F. App'x 306 (5th Cir. 2014). But *Matheny* is distinguishable from

5

the facts here. In that case, a tractor-trailer collided with a truck in which the plaintiff was a passenger. The plaintiff awoke from the collision "dazed and covered in blood," and after being taken by an ambulance to a nearby hospital, a CT scan revealed that the plaintiff had a nasal fracture. *Id.* at 307-08. The plaintiff continued to experience pain in his neck and face, and he received a number of surgical procedures in the months following the collision. The defendants argued that plaintiff's post-collision symptoms were attributable to injuries he sustained prior to the accident. *Id.* at 308. The jury found that the plaintiff was injured as a result of the accident and that the defendants were 100% at fault. The jury awarded the plaintiff past medical expenses and past lost wages but no damages for pain and suffering. *Id.* The plaintiff's motion for a new trial was denied. *Id.* at 309.

On appeal, this Circuit reversed the district court's denial, finding that the jury abused its discretion by awarding the plaintiff past medical expenses and past lost wages but no damages for pain and suffering. *Id.* at 310. The court noted that "even if Defendants are correct that the jury believed that [plaintiff's] post-collision neck and back symptoms were attributable to [his] preexisting injuries," the jury "nevertheless determined that the collision resulted in an objective injury that necessitated medical care and time off from work. Under Louisiana law, the failure to award damages for past pain and suffering in this circumstance constitutes an abuse of discretion." *Id.*

Wiltz's reliance on *Matheny* is misplaced because the plaintiff in *Matheny* had objective physical injuries requiring medical care. Unlike *Matheny*, Wiltz did not prove that his accident resulted in objective physical injuries requiring medical care. Because the jury's verdict is consistent with Louisiana law, we find that the district court properly denied Wiltz's motion for new trial.

No. 15-30165

## B. Motion to Amend Judgment

Wiltz argues, in the alternative, that the district court erred by failing to grant his motion to amend the judgment to award additional damages. This argument is meritless.

It is well established that a federal court cannot unilaterally increase the damages awarded by a jury. *See Dimick v. Schiedt*, 293 U.S. 474, 486-88 (1935); *Silverman v. Travelers Ins. Co.*, 277 F.2d 257, 260 (5th Cir. 1960); *see also Jones v. Bratton*, 39 F.3d 320, at *2 (5th Cir. 1994) (per curiam) ("On appeal, [appellant] has requested additur. We are bound by authority that the Seventh Amendment prohibits a federal court from using additur to increase damages awarded by the jury."). Courts have recognized a limited exception to this prohibition, "where the jury has properly determined liability and there is no valid dispute as to the amount of damages." *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 702 (5th Cir. 2012). But this exception does not apply here. Accordingly, Wiltz's motion to amend the judgment was properly denied.

### CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision.