# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20647
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2017

Lyle W. Cayce
Clerk

SHELDON D. SIMMONS,

Plaintiff-Appellant

v.

RYAN E. GARRETT; JEREMY B. MCREE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1710

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Sheldon D. Simmons, Texas prisoner # 1588486, filed a 42 U.S.C. § 1983 action against Correctional Officers Ryan E. Garrett and Jeremy B. McRee of the Texas Department of Criminal Justice, alleging that they used excessive force against him. He appeals the district court's judgment dismissing his § 1983 action following a jury verdict in favor of Garrett and McRee. Simmons contends that the jury verdict is not supported by the weight of the evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20647

After the jury's verdict, Simmons did not move for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) or file a motion for a new trial pursuant to Federal Rule of Civil Procedure 59.  Therefore, this court is without power to review his unpreserved sufficiency claims.  *See Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) ("Absent [a Rule 50(b)] motion, we have repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence after trial."); *Unitherme Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401-02 (2006); *Downey v. Strain*, 510 F.3d 534, 543-44 (5th Cir. 2007).

Simmons further contends that his attorneys were ineffective because they failed to file a motion for a judgment notwithstanding the verdict and a motion for a new trial.  This claim is frivolous as the right to effective assistance of counsel does not apply to civil proceedings.  *See Federal Trade Comm'n v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005); *Sanchez v. United States Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).  Accordingly, any deficient conduct by Simmons's attorneys does not constitute a basis for invalidating the district court's judgment.  *See Sanchez*, 785 F.2d at 1237; *Gilbert v. Berndt*, 400 F. App'x 842, 844 (5th Cir. 2010).

Finally, Simmons moves for appointment of counsel.  There is no general right to counsel in civil rights actions.  *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012).  Simmons has not shown that exceptional circumstances warrant the appointment of counsel.  *See id.*  Therefore, his motion for appointment of counsel is denied.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.